UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SONDRA WILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: ) |
| CUMMINS, INC. | ) **1:10-cv-0647 WTL -TAB** ) |
| Defendant. | ) ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Sondra Wiley ("Wiley"), brings this action against Defendant, Cummins, Inc. ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 1981a; and the Age Discrimination in Employment Act ("ADEA").

### PARTIES

2. Wiley has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and does business within the Southern District of Indiana.

### JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 42 U.S.C. 2000(e)-5(f) and 29 U.S.C. § 626(c).

5. Defendant is an "employer" within the meaning of and as that term is defined by of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

6. Wiley was an "employee" within the meaning of and as that term is defined by 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f).

7. Wiley satisfied her obligations to exhaust her administrative remedies, having timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission. She received her "Dismissal and Notice of Rights" on her Charge and now timely files her lawsuit within 90 days after receipt of the Notice.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Wiley is a female.

10. Wiley is over the age of 40.

11. On or about June 19, 1990, Defendant hired Wiley as an "Assembler." Wiley was promoted through the ranks of Defendant and ultimately obtained the position of "Engineering Associate Level 5."

12. At all times relevant, Wiley met or exceeded Defendant's legitimate expectations of employment.

13. Defendant utilizes a keyless security system to enter and exit Defendant's facility. The employee "swipes" his/her badge at one of Defendant's entrances/exits and is gained entrance or exit to Defendant's facility. Not all of Defendant's entrances/exits have the keyless entry system.

14. Defendant's keyless security system has a history of inaccurate readings of which Defendant is aware.

15. On or about March 13, 2009, Defendant terminated Wiley for the stated reason of "falsifying time." Wiley denied falsifying any time. Upon information and belief, Defendant relied in full or in part on entries made by the keyless security system.

16. Defendant practices a policy of progressive discipline. Wiley was not afforded any progressive discipline for her alleged offense.

17. Similarly situated male and younger employees whose time records reflect similar alleged inconsistencies similar to Wiley's have not been terminated.

18. Defendant has accorded less favorable and different treatment to her in the terms and conditions of her employment as compared with similarly-situated younger and male employees.

19. Defendant took the adverse actions against Wiley based on her age and/or sex.

20. Any reason proffered by Defendant for the adverse employment actions it has taken against Wiley is pretextual.

21. Wiley has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## SEX DISCRIMINATION – TITLE VII

22. Wiley hereby incorporates paragraphs 1-21 of her Complaint.

23. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Wiley's rights as protected by Title VII.

24. Similarly-situated male employees who have engaged in the same alleged conduct as Wiley have not been terminated.

25. Similarly-situated male employees have been treated more favorably than Wiley with respect to the terms, conditions, and privileges of their employment.

26. Defendant's actions are in violation of the Title VII.

27. Defendant's proffered reason for terminating Wiley is pretextual.

28. Defendant's discriminatory practices have caused Wiley to suffer damages.

## COUNT II

## AGE DISCRIMINATION – ADEA

29. Wiley hereby incorporates paragraphs 1-28 of her Complaint.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Wiley's rights as protected by the ADEA.

31. Similarly-situated male employees who have engaged in the same alleged conduct as Wiley have not been terminated.

32. Similarly-situated and younger employees have been treated more favorably than Wiley with respect to the terms, conditions, and privileges of their employment.

33. Defendant's actions are in violation of the Age Discrimination in Employment Act (ADEA), as amended. 29 U.S.C 621 *et.seq.*

34. Defendant's proffered reason for terminating Wiley is pretextual.

35. Defendant's discriminatory practices have caused Wiley to suffer damages.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Sondra Wiley, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Wiley to the same position, pay, benefits, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Wiley;

3. Defendant pay compensatory and punitive damages to Wiley;

4. Defendant pay liquidated damages to Wiley;

5.     Defendant pay pre- and post-judgment interest to Wiley;

6.     Defendant pay Wiley's attorneys' fees and costs incurred in litigating this action; and,

7.     Defendant pay to Wiley any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

_____
John H. Haskin, Attorney No. 7576-49

_____
Richard W. McMinn, Attorney No. 13715-49
Attorneys for Plaintiff, Sondra Wiley

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests and demands trial by jury on all issues deemed so triable.

_____
Richard W. McMinn

HASKIN & LaRUE, LLP
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
Email:          jhaskin@hlllaw.com
                    rmcminn@hlllaw.com